LAW OFFICE OF HERBERT A VIERGUTZ, PC
645 G STREET, # 624
ANCHORAGE, AK 99501
PHONE: 907-250-3488
Email:HAV1969@OUTLOOK.COM

IN THE FEDERAL DISTRICT COURT FOR DISTRICT OF ALASKA

| | |
|---|---|
| DISCOVERY VOYAGES LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendant. | Case No. |

**COMPLAINT FOR BREACH OF CONTRACT; DETRIMENTAL RELIANCE; AND DECLARATORY JUDGMENT**

I.

INTRODUCTION; STATEMENT OF JURISDICTION; AND PARTIES

COMES NOW the Plaintiff, Discovery Voyages LLC (hereinafter "Discovery"), by and through its counsel of record, The Law Office of Herbert A. Viergutz, P.C., and states that this Court has jurisdiction of this matter based upon diversity of jurisdiction, as well as an action involving a federal question; 15 USC 636, Pub. L. 116-260 and pursuant to 28 USC 1331.

1. Discovery is a marine vessel owned and operated by Discovery Voyages LLC, an Alaska Limited Liability Company, \which is operated in navigable ocean waters within the State of Alaska, which is duly incorporated and registered in the State of Alaska, and has also complied with the laws of the State of Alaska that are prerequisite to bringing of this action.

2. Upon knowledge and belief Defendant, United States Small Business Administration, (hereinafter "SBA") is a duly organized entity representing the government of the United

States.

## II.

## FACTS RELEVANT TO ACTION

3. Dean Rand and his spouse, Megan Ciana, are sole owners of the vessel Discovery, and Discovery Voyages LLC.

4. Discovery operates as a seasonal adventure tourism enterprise navigating remote coastal waterways of the Alaskan wilderness aboard the U.S.-Flagged, U.S. Coast Guard-inspected and certified passenger vessel Discovery, official number 276175.

5. This industry conventionally employs personnel who have their financial compensation accounted for via 1099 Forms, are employed on a seasonal basis, similar to practices observed in the Alaska fishing fleets, and other sectors nationwide experiencing cyclical labor demands. Discovery's maritime staff are classified as federal Jones Act seamen and are engaged under crew/employee contracts. Company members also have their financial compensation accounted for via 1099 Forms as they are otherwise regarded as employees in all pertinent respects. Federal Courts recognize that maritime workers-even if paid via 1099 Forms-have working conditions similar to W-2 employees, and receive payroll-like compensation. Since this industry can operate on a seasonal, project-based schedule, crew members are employed only for specific voyages or set periods instead of having permanent year-round positions. Discovery's operations are suspended during the remaining yearly 7-8 months. Crew members are supervised like employees, have access to federally mandated Employee Assistance Programs, are enrolled in federally mandated maritime crew member drug testing programs, and are not allowed, per federal maritime law, to be "on duty" for more than 12 hours in any 24-hour period.

6. Discovery's PPP loan form 2483-SD (1/21) was signed on February 5, 2021, the

owners certified that "The Applicant was in operation on February 15, 2020, and had employees for whom it paid salaries and payroll taxes or paid independent contractors as reported on Form(s) 1099-MISC." This statement guided the owners regarding the terms for PPP loan forgiveness. Consideration should be afforded Discovery's long time and legally accepted use of accounting for payroll via IRS Form 1099 as "payroll in the form of similar compensation", as described in SBA PPP program material Forms 248(06/21) and 2483-SD (1/21). PPP Borrower Application Forms 2483-SD (1/21) and 2483 (06/20) under " Instructions for completing this form" states: "With respect to "purpose of the loan", payroll costs consist of compensation to employees... on the form of salary, wages, commissions, or similar compensation, cash tips or the equivalent..." (It should be noted that all 5 of these items are recorded on a standard IRS 1099-MISC form.) Given the loan terms; the loan forgiveness determination in favor of Discovery by the borrower, and the uniqueness of the maritime industry and workforce, payments to Form 1099 crew members should qualify for loan forgiveness.

7. On April 14, 2026, the SBA denied loan forgiveness on Discovery's second PPP loan, after forgiving Discovery's first PPP loan. The basis for the denial was because: "payments to 1099 contract employees are considered ineligible payroll". This denial is completely inconsistent with the SBA's reasoning in similar circumstances to other 1099 industries. The denial is also inconsistent with its forgiveness of the first loan. The denial was appealed to the OAH, which rendered its decision denying loan forgiveness. Discovery requested that OAH Reconsider its Decision. OAH refused to do so and rendered its final decision denying loan forgiveness on August 13, 2026, a copy of which is attached hereto as Exhibit 1.

III.

CLAIMS FOR RELIEF

**1. Breach of Contract**:

8. Discovery realleges the allegations contained in paragraphs 1 thorough 7 above, as though set forth verbatim herein.

9. The SBA has materially breached its agreement with Discovery by failing to forgive Discovery's loan consistent with the terms as understood by reasonable parties.

10. The SBA's material breach of its agreement with Discovery has resulted in damage to Discovery in an amount in excess of $200,000.00, the exact amount to be determined at Trial.

**2. Detrimental Reliance**

11. Discovery realleges the allegations contained in paragraphs 1 through 10 above, as though set forth verbatim herein.

12. The borrower determined based upon the loan documents constructed by SBA that Discovery's second PPP loan was entitled to forgiveness based upon the terms outlined in SBA's loan documents.

13. Discovery's owners relied upon the loan documents and the terms outlined therein, as well as the decision of the borrower that Discovery was entitled to loan forgiveness. SBA's material breach of its agreement with Discovery has resulted in damage to Discovery in an amount in excess of $200,000.00, the exact amount to be determined at Trial.

**3. Declaratory Judgment**

14. Discovery realleges the allegations contained within paragraphs 1 through 13 above, as though set forth verbatim herein.

15. Discovery has suffered, and continues to suffer, loss as a result of the invalid determination made by SBA on its loan forgiveness.

16. Discovery requests that the Court issue its declaration that its second loan with SBA is forgiven in accordance with loan terms and is satisfied.

## IV.

## PRAYER FOR RELIEF

1. For Judgment against the SBA in an amount in excess of $200,000.00, the exact amount to be determined at Trial.

2. For a declaration consistent with the content of paragraph 13 above.

3. For costs and full actual attorney fees incurred in pursuing this matter.

4. For such other and further relief as is allowed by law and that this Court may deem just and appropriate under the circumstances.

Dated this 10th day of September, 2026

Herbert A. Viergutz, Alaska Bar No. 8506088